IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS WARE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18-CV-814-WKW-CSC |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Carlos Ware is before the court with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. CIV. Doc. 1.[1] For the reasons discussed below, the court finds Ware's § 2255 motion should be denied without an evidentiary hearing and dismissed with prejudice.

### II.   BACKGROUND

Ware pled guilty to one count of conspiring to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846; five counts of using a communication facility unlawfully, 21 U.S.C. § 843(b), 18 U.S.C. § 2; and one count each of attempting to possess with intent to distribute five kilograms of cocaine, of possessing with intent to distribute 500 grams of

---

[1] References to document numbers assigned by the Clerk of Court in this civil action are designated as "CIV. Doc.," while references to document numbers assigned by the Clerk of Court in the underlying criminal case (CASE NO. 2:15-CR-335) are designated as "CRIM. Doc." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

cocaine, and of possessing with intent to distribute a detectable amount of cocaine, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2.[2] CRIM. Docs. 590, 616. After a sentencing hearing on October 3, 2016, the district court sentenced Ware to 294 months in prison. CRIM. Doc. 90.

Ware appealed, arguing that (1) the district court erred in holding him accountable for over 50 kilograms of cocaine in determining his base offense level; (2) the district court erred by adding two points to his criminal history score for committing his offense while under a criminal justice sentence; (3) the district court erred by increasing his offense level by four points under U.S.S.G. § 3B1.1(a) based on his role as a leader of the conspiracy; and (4) his sentence was substantively unreasonable. On October 3, 2017, the Eleventh Circuit affirmed Ware's conviction and sentence. *United States v. Ware*, 710 F. App'x 438 (11th Cir. 2017); *see* CRIM. Doc. 763.

On September 18, 2018, Ware filed this § 2255 motion asserting the following claims:

1. Counsel was ineffective for failing to move to suppress the Title III wiretap evidence.

2. Counsel was ineffective for failing to challenge the drug amount attributed to him.

3. Counsel was ineffective for failing to challenge the district court's imposition of U.S.S.G. § 3B1.1(a)'s four-level organizer/leader enhancement to his offense level calculation under the Sentencing Guidelines.

CIV. Doc. 1 at 4–7.

---

[2] Ware entered his guilty pleas in proceedings that took place on April 28, 2016 (CRIM. Doc. 590), and May 2, 2016 (CRIM. Doc. 616).

## III.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.   Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at

1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

4

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1. Failure to Challenge Title III Wiretaps

Ware claims that his counsel was ineffective for failing to move to suppress the Title III wiretap evidence and for failing to argue the same issue in his appeal. CIV. Doc. 1 at 4. In making this claim, Ware asserts only that "the original affidavit seeking authority" for the wiretaps "lacked sufficient articulation of necessary elements for electronic surveillance." *Id*. Ware does not elaborate on the alleged deficiencies in the affidavit or affidavits by which federal authorities sought authorization for the Title III wiretaps. The wiretaps intercepted numerous cellphone communications between Ware and his coconspirators.

A court's wiretap order issued pursuant to Title III enjoys a presumption of validity. *United States v. Weber*, 808 F.2d 1422, 1424 (11th Cir. 1987). Therefore, a defendant bears the burden of overcoming this presumption of validity. *See United States v. De La Fuente*, 548 F.2d 528, 534 (5th Cir. 1977). An application for an order authorizing a wiretap must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried

or to be too dangerous." 18 U.S.C. § 2518(1)(c). "Based on the application, the district court may grant an ex parte order if it determines that 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Hyppolite*, 609 F. App'x 597, 606 (11th Cir. 2015) (quoting *United States v. Alonso*, 740 F.2d 862, 867–68 (11th Cir. 1984)); *see* 18 U.S.C. § 2518(3)(c)).

The record from Ware's criminal case reflects that several of Ware's coconspirators filed motions to suppress the Title III wiretaps. CRIM. Docs. 128, 128, 130, 131, 132. The wiretaps challenged by the coconspirators involved several of the same phone numbers that underlay the 21 U.S.C. § 843(b) counts against Ware for unlawfully using a communication facility. *See* CRIM. Doc. 184; CRIM. Doc. 269 at 5–7. On January 11, 2016, after an evidentiary hearing on the coconspirators' motions to suppress, the magistrate judge entered a recommendation that the motions be denied. CRIM. Doc. 184. The magistrate judge's recommendation included a finding that the affidavits seeking authority for the Title III wiretaps contained "elaborate and detailed accounts" regarding the investigative techniques that had been tried with limited success in the case and the need for the wiretaps to further the investigation. *Id*. at 8–11. In addition, the magistrate judge found that testimony presented at the motion hearing reflected safety concerns arising from other methods of investigation. *Id*. at 9. On April 21, 2016, the district court adopted the magistrate judge's recommendation and denied the motions to suppress. CRIM. Doc. 384.

Thus, before Ware pled guilty, there had been a judicial finding that the applications for Title III wiretaps by which evidence against him had been obtained satisfied the

requirements of 18 U.S.C. § 2518(1)(c). It would have been professionally reasonable for Ware's counsel to decide that Ware's pursuit of the suppression issue regarding the wiretaps would have been as unsuccessful as his coconspirators' pursuit of the same issue. Ware presents nothing to undermine the judicial finding regarding the sufficiency of the applications for the Title III wiretaps and, in particular, the sufficiency of the affidavits seeking authority for the wiretaps.

Where a claim of ineffective assistance of counsel stems from counsel's failure to file a suppression motion, the defendant must show that the underlying constitutional claim has merit. *See Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010). A defendant must establish prejudice where counsel failed to file a motion. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Here, Ware fails to allege facts that demonstrate his counsel's failure to move to suppress the Title III wiretaps, or to pursue the matter on appeal, constituted deficient performance. Nor has Ware alleged facts demonstrating a reasonable likelihood that, had counsel argued for suppression of the Title III wiretaps, litigation of that issue would have resulted in an outcome favorable to him. Because he fails to establish deficient performance by his counsel or any resulting prejudice, Ware is entitled to no relief on this claim of ineffective assistance of counsel.

### 2.   Failure to Challenge Attributed Drug Amount

Ware claims his counsel was ineffective for failing to challenge the drug amount attributed to him. CIV. Doc. 1 at 5.

Ware's claim is factually baseless. Prior to the sentencing hearing, Ware's counsel objected to the Probation Office's drug-amount calculations set out in the presentence

investigation report ("PSR"). CRIM. Doc. 515 at 8–10; CRIM. Doc. 539 at 34, ¶¶ 3–4. Counsel pursued the objection at Ware's sentencing hearing and argued at length against the drug amount attributed to Ware. CRIM. Doc. 617 at 42–52, 62–67, 70–74, 95. After the district court made findings on the drug amount attributable to Ware, counsel preserved his objection for appeal. *Id.* at 95. On appeal, Ware's counsel pursued the challenge to the drug amount attributed to Ware by the district court. *Ware*, 710 F. App'x at 440. However, the Eleventh Circuit held that the district court committed no error in the drug amount it attributed to Ware. *Id.* at 440–41.

Thus, the record shows that, from the proceedings in the district court through the direct appeal, Ware's counsel vigorously challenged the drug amount attributed to Ware. Ware points to no argument his counsel should have made that counsel did not in fact make. Ware fails to demonstrate deficient performance by his counsel or any resulting prejudice. Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

### 3.   Failure to Challenge Organizer/Leader Enhancement

Ware claims his counsel was ineffective for failing to challenge the district court's imposition of U.S.S.G. § 3B1.1(a)'s four-level organizer/leader enhancement to his offense level calculation under the Sentencing Guidelines.[3] CIV. Doc. 1 at 7.

---

[3] Section 3B1.1(a) of the Sentencing Guidelines provides that a defendant's offense level should be increased by four levels for his role in the offense "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). For the enhancement to apply, "there must be evidence that the defendant asserted some control, influence or decision-making authority over another participant in the criminal activity." *United States v. Martinez*, 584 F. 3d 1022, 1026 (11th Cir. 2009). "[T]he defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 cmt. n.2.

Again, Ware presents a claim with no basis in fact. Prior to the sentencing hearing, Ware's counsel objected to the PSR's finding that the organizer/leader enhancement should be applied to Ware. CRIM. Doc. 515 at 20–22; CRIM. Doc. 539 at 36–37, ¶¶ 11–14. Counsel pursued the objection at Ware's sentencing hearing and argued against imposition of the enhancement. CRIM. Doc. 617 at 19–28. The district court overruled the objection and imposed the enhancement. *Id.* at 28. On appeal, Ware's counsel argued that the district court erred by imposing the organizer/leader enhancement. *Ware*, 710 F. App'x at 440. The Eleventh Circuit, however, held that the district court committed no error in imposing the enhancement. *Id*. at 441.

Ware points to no argument against imposition of the organizer/leader enhancement, that his counsel should have made but did not make. He fails to show deficient performance by counsel here or any resulting prejudice. Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

## IV.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Ware be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 23, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 9th day of June, 2021.

                /s/   Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE